An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAMARR ROWELL,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 61869 |
| LAMARR ROWELL,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 61870<br><br>**FILED**<br><br>MAY 1 3 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

These are proper person appeals from orders of the district court denying post-conviction petitions for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Docket No. 61869

Appellant filed his petition on June 13, 2012, three years after issuance of the remittitur on direct appeal on May 8, 2009. *Rowell v. State*, Docket No. 50777 (Order of Affirmance, April 13, 2009). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover,

---

[1]These appeals have been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the records are sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975). We elect to consolidate these appeals for disposition. NRAP 3(b).

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 14079

appellant's petition was an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Appellant first claimed that, pursuant to *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), counsel was ineffective in advising him to reject a plea offer from the State, and because those cases were just decided on March 21, 2012, they provided good cause to excuse his procedural bars. Appellant's good-cause argument was without merit because his case was final when *Cooper* and *Frye* were decided, and he failed to demonstrate that the cases would apply retroactively to him. Even if *Cooper* and *Frye* announced new rules of constitutional law, he failed to allege facts to support that he met either exception to the general principle that such rules do not apply retroactively to cases which were already final when the new rules were announced. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002).

Next, appellant claimed that the decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provided good cause because the lack of assistance of post-conviction counsel prevented him from complying with post-conviction procedures and developing claims of ineffective

---

[2]*Rowell v. State*, Docket No. 54708 (Order Affirming in Part, Reversing in Part and Remanding, April 8, 2010). An amended judgment of conviction was entered on June 14, 2010. The amended judgment of conviction would not provide good cause in the instant case because the petition is late from the amended judgment of conviction and appellant does not challenge the amended judgment of conviction. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).

assistance of counsel. We conclude that the district court did not err in denying this claim. First, appellant's reliance upon *Martinez* was misplaced as *Martinez* relates to federal procedural bars and not state procedural bars. Thus, the holding in *Martinez* would not provide good cause because it is inapplicable in state court. Second, appellant never requested the district court to appoint counsel in the first post-conviction proceedings. Third, the factual basis for appellant's claims was readily available to appellant at the time he filed his first petition. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Finally, appellant's ignorance of procedural rules would not provide good cause for the procedural defects. *See Phelps v. Dir., Prisons*, 104 Nev. 656, 764 P.2d 1303 (1988). Therefore, we affirm the order of the district court denying the petition as procedurally barred.

Docket No. 61870

Appellant filed his petition on June 14, 2012, more than two years after issuance of the remittitur on direct appeal on January 15, 2010. *Rowell v. State*, Docket No. 51789 (Order of Affirmance, September 9, 2009). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was an abuse of the writ as he raised claims new and different from those raised in his previous petition.[3] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

---

[3]Appellant filed a post-conviction petition for a writ of habeas corpus on January 28, 2010, but withdrew the petition on July 6, 2010. Appellant's second petition was denied on June 1, 2012, but appellant did not appeal the decision.

Appellant claimed that the decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provided good cause because the lack of assistance of post-conviction counsel prevented him from complying with post-conviction procedures. We conclude that the district court did not err in denying this claim. As discussed previously, *Martinez* relates to federal procedural bars and would not provide good cause because it is inapplicable in state court. Second, appellant never requested the district court to appoint counsel in the first post-conviction proceedings, which he subsequently withdrew. Third, the factual basis for appellant's claims was readily available to appellant at the time he filed his first petition. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506. Finally, appellant's ignorance of procedural rules would not provide good cause for the procedural defects. *See Phelps*, 104 Nev. 656, 764 P.2d 1303. Therefore, we affirm the order of the district court denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Elissa F. Cadish, District Judge
Lamarr Rowell
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A