An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GILBERTO CARILLO, JR.,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 59989 |
| GILBERTO CARILLO, JR.,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 61312<br><br>**FILED**<br><br>JUN 1 3 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

These are appeals from orders of the district court denying post-conviction petitions for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge. We elect to consolidate these appeals for disposition. *See* NRAP 3(b)(2).

Docket No. 59989

Appellant filed a petition on August 14, 2009, almost two years after entry of the judgment of conviction on September 6, 2007.[2]

_____

[1]The appeal in Docket No. 61312 was filed in proper person. It has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

13-17355

Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1).

First, appellant argues that he does not have a legal education. This fails to demonstrate good cause for filing an untimely post-conviction petition. *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation and reliance on the assistance of an inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

Second, appellant appears to assert that ineffective assistance of trial counsel should excuse the delay. Appellant's claim lacks merit because a procedurally barred claim of ineffective assistance of counsel cannot constitute cause for additional claims of ineffective assistance of counsel. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Moreover, appellant fails to explain why he could not have raised claims of ineffective assistance of counsel in a timely petition. *See id.* at 253, 71 P.3d at 506. Therefore, the district court did not err in dismissing the petition as procedurally barred.

Third, appellant argues he had good cause to excuse the delay because he did not receive his case file from counsel in a timely manner. At the evidentiary hearing, counsel testified that the prison refused to accept the mailed case file, but counsel stated that he eventually sent the file in a manner which was acceptable to the prison officials. Interference by Nevada Department of Corrections officials can constitute good cause to excuse the delay in filing a post-conviction petition if such interference made compliance with the procedural bars impracticable. *See Hathaway*,

119 Nev. at 252, 71 P.3d at 506. However, appellant provides no facts which would demonstrate that official interference prevented him from filing a timely petition. *See id.*; *see also Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Appellant provided no explanation regarding the reason prison officials initially rejected the case file and appellant fails to demonstrate that he needed the case file to raise the substantive claims contained in his petition as those claims involved off-the-record discussions he had with counsel. The district court concluded that appellant did not demonstrate that any delay in receiving the entire case file prevented appellant from filing a timely petition, and appellant fails to demonstrate that the district court erred.[3]

Docket No. 61312

Appellant filed a second petition on March 3, 2012, more than four years after entry of the judgment of conviction on September 6, 2007.[4] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition constituted an abuse of the writ as he raised claims new and different from those in his August 14, 2009, petition. *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

---

[3]Appellant also argues that federal equitable tolling standards should excuse the procedural bars. Appellant did not raise this good cause claim before the district court, and therefore, we decline to consider this claim in the first instance on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.2d 25, 33 (2004).

[4]No direct appeal was taken.

Appellant claimed he had good cause to overcome the procedural bars because he learned new information related to the grand jury proceedings at an evidentiary hearing in September 2011. Appellant's claim is belied by the record as appellant raised similar claims regarding the grand jury proceedings in a pretrial petition for a writ of habeas corpus filed in 2007. Further, the grand jury proceedings were not discussed at the 2011 evidentiary hearing. In addition, appellant claimed his counsel possessed the information related to the grand jury proceedings, and therefore, appellant failed to demonstrate an impediment external to the defense prevented him from raising his claims in a timely petition. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506. Therefore, the district court did not err in denying the petition as procedurally barred.

For the foregoing reasons, we

ORDER the judgments of the district court AFFIRMED.[5]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[5]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in Docket No. 61312, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Carolyn Ellsworth, District Judge
The Law Office of Dan M. Winder, P.C.
Gilberto Carillo, Jr.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk