CHARLES A. PHELPS, Appellant, *v.* DIRECTOR, NEVADA DEPARTMENT OF PRISONS, GEORGE SUMNER, Respondent.

No. 18313

November 30, 1988          764 P.2d 1303

*Jeffrey M. Evans,* Carson City, for Appellant.

*Brian McKay,* Attorney General, and *Brian Hutchins,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

On May 8, 1981, pursuant to a jury verdict, appellant was convicted of one count each of sexual assault and attempted sexual assault and two counts of lewdness with a minor under the age of fourteen. In his direct appeal to this court, appellant challenged his conviction on the sole grounds that the district court improperly joined the alleged offenses for trial and that the district court erred in determining that appellant's confession was voluntary. This court subsequently dismissed that appeal concluding that these assignments of error were without merit. *See* Phelps v. State, Order Dismissing Appeal, Docket No. 13501 (filed December 20, 1983).

On April 16, 1984, appellant petitioned the district court for a writ of habeas corpus. In that petition, appellant argued, among other things, that his trial counsel had rendered ineffective assistance because he failed: (1) to move to suppress evidence; (2) to investigate his case; and (3) to object to perjurious testimony. Appellant also argued that his appellate counsel was ineffective because he failed to raise issues on appeal of judicial bias and improper jury instructions. The district court entered an order summarily denying appellant's petition. This court subsequently dismissed appellant's proper person appeal from that order concluding that appellant could not demonstrate error on appeal. *See* Phelps v. Director, Order Dismissing Appeal, Docket No. 15794 (filed July 20, 1984).

Appellant then pursued federal remedies. On August 15, 1984, appellant petitioned the federal district court in proper person for a writ of habeas corpus. Appellant reasserted the claims that he had raised in the state courts. The federal district court denied appellant's petition, and appellant appealed to the Ninth Circuit Court of Appeals. That court appointed counsel to represent appellant on appeal, and counsel argued that appellant's trial counsel had rendered ineffective assistance because he presented only a "pro forma" opening statement and presented no closing argument whatsoever to the jury. Because this claim had not been raised in any of the prior proceedings, the appellate court concluded that appellant had not exhausted his state remedies with

respect to this particular claim. Accordingly, the court of appeals remanded the matter to the federal district court so that appellant could either submit the new claim to the state courts or revise his federal petition to include only exhausted claims.

Appellant then filed the instant petition for a writ of habeas corpus in the state district court on April 2, 1987. Appellant's petition raised the sole contention that his trial counsel rendered ineffective assistance by presenting an inadequate opening statement and no closing argument to the jury. The district court summarily dismissed appellant's petition concluding that appellant had not shown good cause for his failure to raise this argument in his prior state petition. *See* NRS 34.810(1)(b) and (2). Appellant moved the court below for rehearing, arguing that a summary dismissal was not proper. Appellant also explained his reasons for not raising this facet of the ineffectiveness claim in his prior petition for post-conviction relief. The district court thereafter denied the motion for rehearing, and this appeal followed.

In the instant appeal, appellant argues that the district court erred in summarily rejecting his contentions for failure to raise those contentions in his prior petition. Specifically, appellant asserts that a finding of waiver should rarely, if ever, be found from the face of a post-conviction petition for a writ of habeas corpus. Instead, appellant contends that the state should be required to plead such a waiver in its answer. *See* Brimage v. State, 94 Nev. 520, 582 P.2d 375 (1978); *see also* Vargo v. Warden, 94 Nev. 466, 581 P.2d 855 (1978); Stewart v. Warden, 92 Nev. 588, 555 P.2d 218 (1976). In response, the state concedes that it "may be more advisable . . . to allow habeas petitioners an opportunity to demonstrate cause and prejudice" rather than to permit a summary denial. We agree.

Summary dismissal of a petition is warranted only if it "plainly appears from the face of the petition" that the petitioner is not entitled to relief; otherwise, the district court "shall order the respondent to file an answer. . . ." NRS 34.740(2). The district court denied the petition on the sole ground that appellant had waived his most recent claim of ineffective assistance of counsel by failing to present that claim in a prior proceeding. Because such a finding of waiver is not possible from the face of appellant's petition, we conclude that the district court erred in summarily rejecting appellant's claim on that ground.

NRS 34.810(2) states:

> A second or successive petition must be dismissed if the judge or justice determines that it fails to allege new or

different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Thus, in order to avoid the dismissal of his petition pursuant to NRS 34.810(2), appellant was required to make certain specific allegations regarding the reasons for his failure to raise the recent claim in a prior petition. The statutory scheme, however, does not contemplate that such allegations will be specified on the face of the petition. For example, NRS 34.735 sets forth a form which must be followed by a petitioner in filing a post-conviction petition for a writ of habeas corpus. The form does not allow a petitioner sufficient space to explain adequately his failure to raise the issue in an earlier petition. Further, if a petitioner alleges the same grounds for relief that he has alleged in a prior petition, the form set forth in NRS 34.735 does not inquire whether the prior petition was decided on its merits. Finally, NRS 34.735 directs a petitioner not to attach additional pages unless attachments are specifically allowed by the form. In our view, the form of the petition does not elicit sufficient facts to allow a district court to properly resolve the question of waiver from the face of the petition.

Under these circumstances, we conclude that the legislature intended that the affirmative defenses of waiver or abuse of the writ must be raised by the state in response to a post-conviction petition under NRS Chapter 34. Once such an allegation is made by the state, the burden then falls upon the petitioner to show: (1) that good cause exists for his failure to raise any grounds in an earlier petition and that he will suffer actual prejudice if the grounds are not considered; or (2) if no new grounds for relief are asserted, that the previous petition was not decided on its merits. *See* NRS 34.810(2); Brimage v. State, *supra;* Vargo v. Warden, *supra.* Should petitioner fail to meet this burden, the district court may then dismiss the petition without further proceedings. By requiring the state to allege waiver as an affirmative defense, petitioner is afforded an opportunity to meet the burden placed on him by NRS 34.810. Without such a procedure, a petitioner may never be allowed an opportunity to meet this burden.

Appellant was precluded from proceeding as outlined above by the summary dismissal of his petition. In his motion below for rehearing, however, which the lower court considered and

rejected, appellant presented his reasons for previously failing to raise his claim in his prior petition. Specifically, appellant contended in his motion for rehearing that he was organically brain damaged at birth and is borderline mentally retarded. Because of his limited intelligence, appellant maintained that he was unable to ascertain exactly how counsel was ineffective, although he "sensed" counsel was ineffective. Finally, appellant argued that he was unable to frame and present the issues properly in his first petition because he had to rely on the assistance of an inmate law clerk unschooled in the law.

As noted, because appellant had previously petitioned the district court for a writ of habeas corpus, any claims not raised in that earlier petition are deemed to have been waived unless appellant can demonstrate "both cause for the failure . . . and actual prejudice. . . ." NRS 34.810(1)(b). Accepting as true appellant's reasons for failing to raise this claim in his earlier petition, we conclude that appellant has not established sufficient cause. *Cf.* Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905 (9th Cir. 1986) (petitioner's illiteracy and parole of inmate law clerk do not excuse petitioner's failure to pursue state appeal). Consequently, reversal of this matter for further proceedings is not warranted. We affirm the order of the district court denying appellant's petition.