An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LAMARR ROWELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61750

FILED

APR 10 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant filed his petition on June 11, 2012, more than two years after issuance of the remittitur on direct appeal on February 23, 2010. Rowell v. State, Docket No. 51577 (Order of Affirmance, January 29, 2010). Thus, appellant's petition was untimely filed. See NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause: cause for the delay and undue prejudice. See id.

Appellant claimed that the decision in Martinez v. Ryan, 566 U.S. ___, 132 S. Ct. 1309 (2012), provided good cause because the lack of assistance of post-conviction counsel prevented him from complying with post-conviction procedures. We conclude that the district court did not err in denying this claim. First, appellant's reliance upon Martinez was misplaced as Martinez relates to federal procedural bars and not state procedural bars. Thus, the holding in Martinez would not provide good cause because it is inapplicable in state court. Second, the appointment of

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10536

post-conviction counsel is discretionary in Nevada, and a prerequisite to the appointment of counsel is the filing of a petition, and appellant did not file his petition until after the one-year period had passed. See NRS 34.750(1). Third, appellant's ignorance of procedural rules would not provide good cause for the delay.[2] See Phelps v. Director, Prisons, 104 Nev. 656, 764 P.2d 1303 (1988). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]We note that appellant's assertion that he was unaware of or unable to comply with procedural rules defies belief given appellant's lengthy history of litigation in this court, of which we take judicial notice. See e.g., Rowell v. State, Docket Nos. 36601, 36658, 37023 (Order of Affirmance and Dismissing Appeal, April 10, 2001); Rowell v. State, Docket Nos. 36693, 37210, 37242 (Order of Affirmance and Dismissing Appeal and Limited Remand for Correction of Judgment of Conviction, April 10, 2001); Rowell v. State, Docket No. 37283 (Order of Affirmance, July 9, 2001); Rowell v. State, Docket No. 37749 (Order of Affirmance, December 12, 2001); Rowell v. State, Docket Nos. 37836, 37838, 37839 (Order of Affirmance, December 14, 2001); Rowell v. State, Docket No. 42770 (Order of Affirmance, August 30, 2004); Rowell v. State, Docket No. 42909 (Order of Affirmance, September 1, 2004); Rowell v. Warden, Docket No. 43019 (Order of Affirmance, September 22, 2004); Rowell v. State, Docket No. 43059 (Order of Affirmance, August 27, 2004); Rowell v. State, Docket No. 43218 (Order of Affirmance, November 15, 2004); Rowell v. State, Docket No. 43728 (Order of Affirmance, December 13, 2004); Rowell v. State, Docket No. 44595 (Order of Affirmance, April 22, 2005); Rowell v. State, Docket No. 44665 (Order of Affirmance, April 19, 2005); Rowell v. State, Docket No. 44686 (Order of Affirmance, May 3, 2005); Rowell v. State, Docket No. 54708 (Order Affirming in Part, Reversing in Part and Remanding, April 8, 2010); Rowell v. State, Docket No. 59852 (Order of Affirmance, May 9, 2012).

cc: Hon. James M. Bixler, District Judge
Lamarr Rowell
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk