An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONOVAN CHARLES STONER,
Appellant,
vs.
JACK PALMER, WARDEN,
Respondent.

No. 61923

**FILED**

MAY 1 4 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

Appellant filed his petition on July 29, 2009, more than 22 years after issuance of the remittitur on direct appeal on April 21, 1987.[1] Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed that the Ninth Circuit Court of Appeals decisions in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), and *Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008), provided good cause to excuse his delay in raising a claim challenging the premeditation and deliberation jury instructions.

---

[1]*Yates v. State*, 103 Nev. 200, 734 P.2d 1252 (1987).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14191

Appellant's reliance upon the *Chambers* decision was misplaced as *Chambers* did not announce any new proposition, but rather discussed and applied decisions entered previously. Specifically, the *Chambers* court discussed and applied the decision in *Polk*, which itself discussed this court's decision in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000). Because it is the substantive holdings in *Polk* and *Byford* that appellant sought to apply in this case, it is those cases that provide the marker for filing timely claims and not the later case, *Chambers*, which merely discussed and applied those cases. Appellant's 2009 petition was filed almost two years after entry of *Polk* and more than nine years after this court's decision in *Byford*. Under these circumstances, appellant failed to demonstrate good cause for the entire length of his delay.

Appellant's reliance upon the *Byford* decision is further misplaced. The *Byford* decision addressed use of an instruction discussed in *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992), a case decided by this court six years after appellant was convicted. The *Kazalyn* instruction was not used in appellant's trial. Even assuming, without deciding, that the instructions given in appellant's trial were similar to the *Kazalyn* instruction, appellant cannot demonstrate error as use of the instruction would not have been error in this case because appellant's conviction was final before this court's decision that the *Kazalyn* instruction should not be given. *See Nika v. State*, 124 Nev. 1272, 1284-85, 198 P.3d 839, 848 (2008); *see also Griffith v. Kentucky*, 479 U.S. 314, 322-23 (1987) (discussing that new rules are applied to criminal cases that are pending on direct appeal and, therefore, not yet final).

Further, this court concluded on direct appeal that there was overwhelming evidence of appellant's "involvement in the planning,

execution and cover-up of the murder." *Yates*, 103 Nev. at 206, 734 P.2d at 1256. Therefore, appellant fails to demonstrate actual prejudice related to the deliberation and premeditation instructions. Accordingly, the district court did not err in concluding that appellant failed to overcome the procedural bars.

Second, appellant argues he has good cause because he does not have legal training, relies on fellow prisoners for legal assistance, and has lost legal paperwork while incarcerated. This fails to demonstrate good cause for filing an untimely post-conviction petition as appellant fails to demonstrate his claims could not have been raised in a timely manner. *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

Finally, appellant fails to overcome the presumption of prejudice to the State because he failed to demonstrate a fundamental miscarriage of justice. *See* NRS 34.800(1)(b). Therefore, the district court did not err in dismissing the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.       _____, J.
Douglas                                                    Saitta

cc:   Hon. Elliott Sattler, II, District Judge
      Mary Lou Wilson
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk