An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAFFICK SAHIBJOHN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61064

**FILED**

MAY 1 4 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order by the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant filed his petition on March 22, 2012, over a year after the judgment of conviction was filed on January 11, 2011. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.* Good cause may be demonstrated by a showing that an impediment external to the defense prevented the timely filing of the petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

In an attempt to demonstrate good cause, appellant claimed that his counsel failed to file a direct appeal despite informing appellant

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

Appellant also seeks to appeal from the district court's denial of his motion for appointment of counsel. We conclude that the district court did not abuse its discretion in denying this motion. *See* NRS 34.750(1).

13-14212

that he would appeal appellant's sentence. Appellant did not provide any facts indicating that he believed an appeal had been filed or that he filed his petition within a reasonable time of learning that counsel had not filed an appeal. *See id.* at 254-55, 71 P.3d at 507-08. Thus, we conclude that the district court did not err in rejecting this good cause argument.

Appellant also claimed that the law library was not equipped to assist someone who lacked legal knowledge, that he was mentally ill and had been taken advantage of by other inmates, and that he had been placed in protected segregation. Appellant's lack of legal knowledge does not constitute good cause. *Phelps v. Dir., Nev. Dep't of Prisons,* 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988). As to his assertions that he was mentally ill and placed in segregation, he failed to specify any facts as to how this impeded him from filing a timely post-conviction petition. *See Hathaway,* 119 Nev. at 254-55, 71 P.3d at 507-08. Therefore, the district court did not err in denying his petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[2]We deny appellant's motion for a stay and abeyance. We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc:   Hon. Douglas W. Herndon, District Judge
      Raffick Sahibjohn
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk