An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| FRANSISCO ALFREDO RAMOS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 61755 |
| FRANSISCO ALFREDO RAMOS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 62000 |

FILED

MAY 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE IN DOCKET NO. 61755 AND ORDER ADMINISTRATIVELY CLOSING APPEAL IN DOCKET NO. 62000

These are proper person appeals from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

---

[1]These appeals have been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the records are sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14409

Docket No. 61755

Appellant filed his petition on June 8, 2012, more than one year after entry of the judgment of conviction on May 4, 2011.[2] Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1).

To overcome the procedural bar, appellant claimed that he does not fully understand English, does not fully understand the law, and relied on a fellow inmate to prepare this petition. The underlying claims in this petition are similar to claims raised in a motion for modification of sentence filed in the district court on October 5, 2011, and therefore, appellant failed to demonstrate that an impediment external to the defense prevented him from raising the claims in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). In addition, that appellant relied on a fellow inmate for legal work and that English is not his first language did not demonstrate good cause. *See generally Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition). Therefore, the district court did not err in denying the petition as procedurally barred.

---

[2]No direct appeal was taken.

 

Docket No. 62000

Appellant filed a second notice of appeal from the same order that was the subject of Docket No. 61755. The clerk of this court inadvertently docketed an appeal in Docket No. 62000 as a separate matter when appellant filed the second, duplicative notice of appeal. Accordingly, we direct the clerk of this court to administratively close the appeal in Docket No. 62000.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED in Docket No. 61755 and ADMINISTRATIVELY CLOSE THE APPEAL in Docket No. 62000.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Elissa F. Cadish, District Judge
       Fransisco Alfredo Ramos
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

