An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH DAN BAKER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62022

**FILED**

JUN 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Appellant filed his petition on August 14, 2012, more than 2 years after issuance of the remittitur on direct appeal on April 7, 2010. *Baker v. State*, Docket No. 52276 (Order of Affirmance, March 11, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of cause for the delay and undue prejudice. *See id.* Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

In an attempt to overcome the procedural bars, appellant claimed that law library access at the Lovelock Correctional Center is inadequate and, therefore, provided cause for the delay in filing his

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-17379

petition. Appellant, however, failed to provide specific facts relating to his alleged deprivation of access to the law library, and thus failed to demonstrate that prison officials interfered with his ability to file a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003); *Phelps v. Dir. Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988). Therefore, the district court did not err in denying this claim.

Appellant also claimed that the ineffective assistance of trial and appellate counsel provided cause for the delay in filing his petition. Appellant failed to demonstrate cause for the delay because these claims were reasonably available to be raised in a timely petition and ineffective-assistance-of-counsel claims that are themselves procedurally barred cannot establish cause. *Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506. Therefore, the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Doug Smith, District Judge
Joseph Dan Baker
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk