An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RODNEY PAT DEAVILA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62195

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant filed his petition on July 26, 2011, more than eight years after entry of the judgment of conviction on March 6, 2003.[2] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[3] *See* NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

[3]Appellant filed a post-conviction petition for a writ of habeas corpus in the district court on July 8, 2003. This court dismissed appellant's untimely appeal from the denial of that petition for lack of jurisdiction.

*continued on next page . . .*

34.810(2).    Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice.   *See* NRS 34.726(1); NRS 34.810(3).

Appellant first claimed he had good cause due to lack of access to Nevada legal materials because he is currently incarcerated in Montana.   Appellant has filed multiple proper person documents in the district court over the course of his incarceration in Montana.   Therefore, he failed to demonstrate that any lack of access to Nevada legal materials should excuse the delay in filing this petition or prevented the timely filing of a petition.   *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

Second, appellant claimed he had good cause due to mental illness and lack of legal knowledge.   This failed to demonstrate good cause for filing an untimely post-conviction petition.   *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation, and reliance on the assistance of an inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).   Moreover, appellant did not demonstrate his mental illness should excuse the entire delay.   Appellant stated he received mental health treatment and prescription medication at the Montana prison, which was insufficient to demonstrate that he has

---

. . . *continued*

*Deavila v. State*, Docket No. 42519 (Order Dismissing Appeal, January 27, 2004).

been incompetent throughout his incarceration or prior to entry of his plea. *See Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)). Therefore, the district court did not err in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Jessie Elizabeth Walsh, District Judge
        Rodney Pat Deavila
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.