An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LEO DAVID HANSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62412

FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant filed his petition on September 24, 2012, more than three years after entry of the judgment of conviction on April 9, 2009.[2] Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1).

First, appellant claimed he had good cause because he was unaware of the procedural time bar, is uneducated in the law, and has mental difficulties. These were insufficient to demonstrate cause for the delay. *See generally Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27744

660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation, and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

Next, appellant claimed he had good cause due to a lack of access to the prison law library and because the prison law library is inadequate. Appellant failed to demonstrate that inadequate law libraries or lack of access to the library deprived him of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *limited by Lewis v. Casey*, 518 U.S. 343, 354-56 (1996). Appellant's previous proper person motions filed in the district court indicate that his access to the court was not improperly limited by restrictions on use of the prison law library or due to prison law library policies. Accordingly, he failed to demonstrate that official interference caused him to be unable to comply with the procedural bars. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Therefore, the district court did not err in dismissing the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

 

cc: Hon. James M. Bixler, District Judge
Leo David Hanson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk