An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

BRENT LEE FOSTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62433

FILED

SEP 1 8 2013





TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Brent Lee Foster contends that the district court erred by denying, as procedurally barred, his claim that counsel was ineffective for failing to file a direct appeal. The district court found that Foster's petition was untimely filed, he failed to demonstrate good cause to overcome the procedural bar, and he did not rebut the presumptive prejudice of statutory laches. "We give deference to the district court's factual findings regarding good cause, but we will review the court's application of the law to those facts de novo." *State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012), *cert. denied*, 568 U.S. ___, 133 S. Ct. 988 (2013).

The limited record[1] before this court supports the district court's factual findings and we conclude that Foster fails to demonstrate

---

[1]Although the parties agree that the district court conducted an evidentiary hearing, appellant has failed to provide this court with a transcript of that proceeding. *See* NRAP 3C(e)(2)(C); NRAP 30(b)(1)

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27754

that the district court erred by denying his untimely petition. *See* NRS 34.726(1); NRS 34.800(2); *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) (application of the procedural bars is mandatory); *Hathaway v. State*, 119 Nev. 248, 252, 255, 71 P.3d 503, 506, 508 (2003) (explaining when "[a]n impediment external to the defense" or counsel's failure to file a direct appeal can establish good cause to excuse an untimely petition); *see generally Phelps v. Dir. Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988), *superseded by statute on other grounds as stated in State v. Haberstroh*, 119 Nev. 173, 180-81, 69 P.3d 676, 681 (2003). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.                      _____, J.
Douglas                                                          Saitta


cc:    Hon. Michael Villani, District Judge
       Keith C. Brower
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

*...continued*
(requiring that copies of all necessary transcripts be included in the appendix).

[2]Although we filed the fast track response submitted by the State, it does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it is not double-spaced. We caution the State that future failure to comply with applicable rules may result in the imposition of sanctions. NRAP 3C(n).