An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JORGE DE LA HOYA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64352

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on July 5, 2013, almost twelve years after entry of the judgment of conviction on July 10, 2001. Thus, appellant's petition was untimely filed.[2] *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ to the extent he raised claims new and different from

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant's petition was also filed more than five years after the January 16, 2008, order revoking probation and amended judgment of conviction.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11379

those raised in previous petitions.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

In an attempt to excuse the procedural defaults, appellant claimed that he lacked knowledge about the law and procedural deadlines and that he was misled as to what to file and when by the inmate law clerks who assisted him. We conclude that appellant did not establish that an impediment external to the defense prevented him from raising his claims earlier. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003); *Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation, and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition). Therefore, the district court did not err in denying these claims.

Next, appellant claimed that he had cause for the delay because counsel refused to file a notice of appeal and failed to advise appellant what to do regarding an appeal. Appellant failed to demonstrate that this claim could not have been raised in a timely petition. *Hathaway*, 119 Nev. at 252, 71 P.3d at 506. Appellant did not

---

[3]*De La Hoya v. Warden*, Docket No. 62811 (Order of Affirmance, October 16, 2013). No appeal was taken from the denial of appellant's 2008 petition.

allege that he believed counsel had filed an appeal and only recently learned that counsel had not. *See id.* at 255, 71 P.3d at 508. In fact, he claimed that counsel specifically refused to file the appeal. Therefore, the district court did not err in denying this claim.

Finally, appellant did not overcome the presumption of prejudice to the State. Therefore, the district court did not err in denying the petition as procedurally barred and barred by laches.[4] Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Valorie J. Vega, District Judge
       Jorge De La Hoya
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[4]We conclude that the district court did not abuse its discretion in declining to appoint counsel for the instant petition. *See* NRS 34.750(1).