An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERICK MARQUIS BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64907

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant filed his petition on October 17, 2013, more than 6 years after issuance of the remittitur on direct appeal on October 9, 2007. *Brown v. State*, Docket No. 47856 (Order of Affirmance, September 13, 2007). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Brown v. State*, Docket No. 60197 (Order of Affirmance, January 16, 2013).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19165

barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Good cause must be an impediment external to the defense. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

In an attempt to demonstrate good cause, appellant claimed that he had not presented some of his claims previously due to ignorance of the law. Ignorance of the law is not an impediment external to the defense and thus would not provide good cause. *See Phelps v. Director, Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988).

Appellant also claimed that he did not file his petition earlier because his counsel failed to file an appeal in a timely fashion. However, this claim is belied by the record as appellant's notices of appeal from the judgment of conviction and the denial of the habeas corpus petition were timely filed. Thus, this did not provide good cause for the delay.

Because appellant failed to demonstrate good cause to excuse his procedural defects or overcome the presumption of prejudice to the State, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.        _____, J.
Parraguirre                                                Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Kathleen E. Delaney, District Judge
Erick Marquis Brown
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A