An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

YOEL GUERRA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64256

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed his petition on June 26, 2013, more than four years after entry of the judgment of conviction on June 8, 2009. Thus, appellant's petition was untimely filed.[2] *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.*

Appellant claimed that he had good cause because his trial counsel told him that he could not appeal his conviction. Appellant failed to demonstrate good cause because this claim could have been raised in a

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken. The petition was also filed more than three years after entry of the amended judgment of conviction on October 13, 2009.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19148

timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Therefore, we conclude that the district court did not err in denying the petition as procedurally barred.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

---

[3]Further, to the extent that appellant claimed an alleged language barrier provided good cause, the language barrier would not provide good cause in the instant case as appellant litigated two prior post-conviction motions. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (holding that equitable tolling requires a non-English-speaking petitioner demonstrate that during the time period, the petitioner was unable to procure either legal materials in his own language or translation assistance despite diligent efforts). The first motion was filed during the time period to file a timely petition. Bad advice from an inmate law clerk about post-conviction remedies would not provide good cause. *See Phelps v. Director, Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988).

[4]We have considered the proper person letter received on November 12, 2013, and we conclude that no action is required as this court considered the documents filed in the record prior to the district court's oral decision on the petition.

cc:   Hon. Stefany Miley, District Judge
Yoel Guerra
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A