An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JAFET CHAVEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65395

**FILED**

JUL 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on November 26, 2013, more than five years after entry of the judgment of conviction on September 5, 2008.[2] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed that he had cause for the delay because he was proceeding in proper person and was relying on another

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23950

inmate who was not trained or knowledgeable in the law. Appellant failed to demonstrate an impediment external to the defense. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003); *Phelps v. Dir. Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause).

Second, appellant claimed that he had cause for the delay because the district court and this court erred in denying his first petition as untimely. Appellant failed to demonstrate cause for the delay because the district court and this court correctly determined that his first petition was untimely. *See Chavez v. State*, Docket No. 59445 (Order of Affirmance, March 14, 2013); NRS 34.726(1). Further, even had appellant's first petition been timely, appellant failed to demonstrate how this petition could be considered timely and not successive or an abuse of the writ.

Third, appellant claimed that because the State did not "properly" raise the procedural bar in its motion to dismiss the instant petition, the State waived application of it. Appellant's claim is belied by the record. The State properly raised the procedural bar in its motion to dismiss.

Finally, appellant claimed that laches did not apply because the five-year time period did not begin to run until this court filed its remittitur from its order affirming the denial of appellant's first petition.

He also claimed that he has always made a diligent effort to seek relief which should overcome the presumption of prejudice to the State.[3]

Appellant failed to demonstrate that laches did not apply or overcome the presumption of prejudice to the State. Because appellant did not file a direct appeal from his judgment of conviction and sentence, the five-year time period runs from the date of the judgment of conviction, September 5, 2008. *See* NRS 34.800(2). Further, appellant's continued efforts to seek relief did not overcome the presumption of prejudice to the State. *See* NRS 34.800(1). Therefore, the district court did not err in dismissing the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[3]We note that appellant also claims that his petition only challenges his sentencing hearing, and therefore, would not cause prejudice to the State. This claim is belied by the record. In addition to his sentencing hearing claim, he raised a claim regarding his decision to plead guilty.

cc: Hon. Valorie J. Vega, District Judge
Jafet Chavez
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk