An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD WESTMAN BRADBERRY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65848

FILED

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant filed his petition on October 2, 2013, almost six years after entry of the judgment of conviction on October 3, 2007. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.* Good cause must be an

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30832

impediment external to the defense. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant claimed that he had cause for the delay because he only learned about the allegedly illegal sentencing procedure five and one-half years after entry of the judgment of conviction. Appellant claimed that he would not have been able to discover the alleged error earlier. Appellant's good cause argument lacked merit. The alleged error occurred on the record, and thus, the claim was reasonably available to appellant to raise in a timely petition. *See Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506. Appellant's failure to appreciate the alleged error in the sentencing proceedings is not an impediment external to the defense. *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988). Therefore, we conclude that the district court did not err in denying the petition as procedurally time barred.

Next, appellant argued that laches should not apply because it was the State's error and the State did not suffer prejudice. This argument fell short of demonstrating a fundamental miscarriage of justice as required by NRS 34.800, and therefore, appellant failed to rebut the presumption of prejudice to the State. Therefore, we conclude that the

district court did not abuse its discretion in denying the petition as barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Carolyn Ellsworth, District Judge
Ronald Westman Bradberry
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.