An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CRAIG A. BINGAMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66210

FILED

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant filed his petition on April 4, 2014, more than five years after entry of the judgment of conviction on October 8, 2008.  Thus, appellant's petition was untimely filed.  *See* NRS 34.726(1).  Appellant's petition was procedurally barred absent a demonstration of good cause— cause for the delay and undue prejudice.  *See id.*  Good cause must be an impediment external to the defense.  *See Hathaway v. State*, 119 Nev. 248,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted.  *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40429

252, 71 P.3d 503, 506 (2003). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant claimed that he had good cause because he lacked legal training and a formal education and he was deprived of meaningful access to the prison law library and persons trained in law due to his housing assignment and the prisons' use of a paging system. Appellant claimed that he learned in 2012 of the legal basis for his claims but that he filed a motion to modify and a motion to correct an illegal sentence instead of a post-conviction petition for a writ of habeas corpus due to poor advice from an inmate law clerk. Appellant failed to demonstrate an impediment external to the defense excused his untimely petition. A lack of legal training or formal education is not an impediment external to the defense and thus does not provide good cause. *See Phelps v. Dir., Nev. Dep't. of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988). Appellant failed to demonstrate that his housing assignment or the paging system provided good cause as he litigated two post-conviction motions during the time he claimed he had inadequate access. *See Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506. Bad advice or poor assistance from an inmate law clerk does not provide good cause. *See Phelps*, 104 Nev. at 660, 764 P.2d at 1306. Appellant did not attempt to overcome the presumption of prejudice to the State. Therefore, we conclude that the

district court did not err in denying the petition as procedurally barred and barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                            Saitta

cc:    Hon. David B. Barker, District Judge
       Craig A. Bingaman
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.