# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHELLI ROSE DEWEY,
Appellant,
vs.
JO GENTRY, WARDEN,
Respondent.

No. 70138

FILED

MAY 09 2017



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Shelli Dewey's postconviction petition for a writ of habeas corpus. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge. Dewey argues that the district court erred in denying two of her ineffective-assistance-of-counsel claims as procedurally barred. We affirm.

Dewey filed her petition on February 11, 2015, more than seven years after issuance of the remittitur on direct appeal on December 26, 2007. *See Dewey v. State*, 123 Nev. 483, 169 P.3d 1149 (2007). Dewey's petition was therefore untimely filed. *See* NRS 34.726(1). Dewey's petition was also successive where she had previously litigated a postconviction petition for a writ of habeas corpus and raised a similar claim, as well as an abuse of the writ where she raised a new claim.[1] NRS 34.810(1)(b)(2); NRS 34.810(2). Dewey's petition was therefore procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Dewey first argues she has good cause to overcome the procedural bars because the legal and factual basis of her claim in Ground

---

[1]*See Dewey v. Foster*, Docket No. 59716 (Order of Affirmance, April 10, 2013).

17-15424

2(B) was not reasonably available to counsel at the time of her first postconviction petition. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). In Ground 2(B), Dewey argues that trial counsel was ineffective for failing to investigate and present evidence at trial that she suffered from battered-woman syndrome. Dewey acknowledges that she raised this claim in her previous petition but contends that, because of the trauma she suffered, she has only recently disclosed the details of the domestic abuse that gave rise to that trauma. Dewey has failed to demonstrate good cause to overcome the procedural bars because she has not demonstrated that an impediment external to the defense prevented her from fully raising this claim in her earlier petition. *See id.*; *Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding organic brain damage and borderline mental retardation do not constitute good cause). We decline Dewey's invitation to limit the holding in *Phelps*. To the extent she argues that the procedural bars should be excused due to the ineffective assistance of prior postconviction counsel, Dewey's claim lacks merit. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 871-72 (2014) ("[T]he ineffectiveness of counsel representing a noncapital petitioner does not constitute good cause to excuse a state procedural bar.").

Dewey also argues that postconviction counsel's conflict of interest provided good cause to overcome the procedural bars to her ineffective-assistance-of-appellate-counsel claims in Ground 5, where postconviction counsel also represented her on appeal from her judgment of conviction. Dewey's argument does not constitute good cause for several reasons. First, a conflict-of-interest claim is, at its root, an ineffective-assistance-of-counsel claim, *see, e.g.*, *Cuyler v. Sullivan*, 446 U.S. 335, 345,

SUPREME COURT
OF
NEVADA

(O) 1947A

2

348-50 (1980), and the ineffective assistance of postconviction counsel does not constitute good cause, *Brown,* 130 Nev., Adv. Op. 60, 331 P.3d at 871-72. Second, both her previous petition and the supplement thereto clearly stated that Dewey waived any claims of ineffective assistance of appellate counsel, and she signed both documents in acknowledgement that she knew their contents. She thus waived any conflict. Finally, even if the waiver were not made knowingly, voluntarily, and intelligently—something Dewey does not allege—she failed to raise the alleged conflict within a reasonable time of discovering it. *See Hathaway,* 119 Nev. at 252, 71 P.3d at 506 ("[I]n order to constitute adequate cause, the ineffective assistance of counsel claim itself must not be procedurally defaulted."). Dewey has been on notice since signing her previous petition on October 8, 2008, that there was a potential conflict of interest. Further, just as Dewey points to a federal district court order appointing her counsel to support her contention of conflict, so too does that December 10, 2013, order put her on notice as to the potential conflict. Yet she waited more than one year from even this most recent notice of the potential conflict to file her petition. Thus any conflict claim is itself procedurally barred and cannot constitute good cause.

Having concluded that Dewey's good-cause arguments are without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Nancy L. Porter, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk