# IN THE SUPREME COURT OF THE STATE OF NEVADA

DERRICK LAMAR MCKNIGHT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72178

**FILED**

JUN 1 5 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Derrick Lamar McKnight's September 2, 2016, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge. McKnight argues that the district court abused its discretion in denying his petition without appointing counsel. We disagree and affirm.[1]

The district court may appoint counsel to represent a petitioner in a postconviction habeas proceeding if the petitioner is indigent and the habeas petition is not summarily dismissed. NRS 34.750(1). In exercising its discretion, the court may consider the severity of the consequences facing the petitioner, whether the issues presented are difficult, whether the petitioner is unable to comprehend the proceedings, and whether counsel is needed to conduct discovery. NRS 34.750(1). McKnight is not entitled to the appointment of counsel as a

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-19888

matter of right. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 871-72 (2014).

Notwithstanding the severity of the consequences facing McKnight due to his lengthy sentences, the district court did not abuse its discretion in declining to appoint counsel because McKnight failed to identify any issues in his postconviction habeas petition and thus failed to show that his case presented difficult issues or that counsel was needed to conduct discovery. Further, McKnight's bare assertion that he is ignorant in the law does not rise to an inability to comprehend the proceedings compelling the appointment of counsel. *See Renteria-Novoa v. State*, 133 Nev., Adv. Op. 11, 391 P.3d 760, 761 (2017) (considering petitioner's limited English-language proficiency in connection with petitioner's assertion of ignorance in the law); *Phelps v. Dir., Nev. Dep't. of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that a petitioner's limited intelligence and poor legal assistance from inmate law clerks did not establish good cause).

Having considered McKnight's contention and concluded that it is without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Eric Johnson, District Judge
Derrick Lamar McKnight
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk