**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER ADAM DOLLAR, | No. 15-16921 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-01952-JCM-GWF |
| v. | |
| HAROLD WICKHAM; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted September 15, 2017
San Francisco, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and WHALEY,[**] District Judge.

Christopher Dollar, a Nevada state prisoner, appeals the dismissal of his

habeas petition challenging the sentence he received after pleading guilty to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

charges of robbery and conspiracy to commit robbery. Dollar claims ineffective assistance of counsel at sentencing because his counsel failed to obtain available evidence about his mental disabilities that might have resulted in a lower sentence. The district court dismissed his petition as unexhausted.

The dismissal was in error. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc). When the federal district court dismissed Dollar's petition, it was clear that Nevada's procedural rules would bar his new claim, and a state district court had already recognized as much. In Nevada, a prisoner may overcome such hurdles only if he or she can show cause and prejudice. *See* Nev. Rev. Stat. § 34.726(1); *id.* § 34.810(3). Nevada does not treat limited mental capacity or incarceration as cause, *see, e.g.*, *Phelps v. Dir., Nev. Dep't of Prisons*, 764 P.2d 1303, 1306 (Nev. 1988), *superseded by statute on other grounds as stated in State v. Haberstroh*, 69 P.3d 676, 681 (Nev. 2003), and has expressly declined to adopt a state-law analog to *Martinez v. Ryan*, 566 U.S. 1 (2012), meaning that inadequate assistance of counsel during initial-review collateral proceedings[1] also does not constitute cause under state law, *see Brown v. McDaniel*, 331 P.3d 867, 872 (Nev. 2014) (en banc)).

---

[1] The term "initial-review collateral proceedings" means "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 8.

2

The Nevada Supreme Court reaffirmed these principles when it held, after Dollar's federal petition was dismissed, that his new claim was procedurally barred under state law.[2]

The federal district court should have treated the petition as procedurally defaulted and then decided whether, under federal law, Dollar could demonstrate cause and prejudice to overcome the default. We therefore reverse and remand with instructions to decide that question in light of *Martinez*.

**REVERSED** and **REMANDED**.

---

[2] As requested by both parties, the court takes judicial notice of that decision. *See* Fed. R. Evid. 201(b).