An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL GEORGE ZANFINO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62414

**FILED**

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant filed his petition on October 18, 2012, more than two years after entry of the judgment of conviction on March 29, 2010.[2] Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]In this case, the proper measure for filing a timely petition is entry of the original judgment of conviction because appellant did not file a timely direct appeal, *see Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1133-34 (1998), and appellant did not challenge any changes made in an amended judgment of conviction filed on April 20, 2011, *see Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27740

First, appellant claimed he had cause for the delay because he had to rely on inmate law clerks and was not familiar with the law. These were insufficient reasons to demonstrate cause for the delay. *See generally Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation, and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

Second, appellant claimed that he had good cause because of ineffective assistance of counsel. A procedurally barred claim of ineffective assistance of trial counsel cannot constitute cause for additional claims of ineffective assistance of counsel, and appellant provided no reason why he could not raise his claims of ineffective assistance of counsel in a timely manner. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Third, appellant claimed he had good cause because the Nevada Department of Corrections did not provide him access to the law library or to inmate law clerks for the first 30 days of his incarceration, which he asserted harmed his ability to litigate this matter. As noted by appellant, he has had access to the prison law library and law clerks for approximately two years since his initial 30 days in prison. Therefore, any claims stemming from the alleged lack of access to the library or clerks were reasonably available to be raised at an earlier time and appellant did not attempt to explain the entire delay. *See id.*

Next, appellant claimed it would be a fundamental miscarriage of justice to impose the procedural bars on his petition. In order to demonstrate a fundamental miscarriage of justice, a petitioner

must make a colorable showing of actual innocence—factual innocence, not legal innocence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Appellant did not demonstrate actual innocence as his claims involved legal innocence, and therefore, he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Therefore, the district court did not err in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Kathleen E. Delaney, District Judge
Michael George Zanfino
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk