An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN KOVAL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62951

**FILED**

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus.[1] Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

Appellant filed his petition on August 23, 2011, more than eight years after entry of the judgment of conviction on June 11, 2003.[2] Thus, appellant's petition was untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. See NRS 34.726(1).

First, appellant claimed that he had good cause because his trial counsel told him he could not file a direct appeal. A procedurally barred claim of ineffective assistance of trial counsel cannot constitute cause for additional claims of ineffective assistance of counsel, and

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken.

13-30968

appellant provided no reason why he could not raise his claim of ineffective assistance of counsel in a timely manner. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). In addition, appellant was informed of his limited right to file a direct appeal in the guilty plea agreement.

Second, appellant claimed he had cause to excuse the delay because he cannot read or write well, he has mental health issues, and it took him a long time to find someone he could trust to help him with legal matters. These were insufficient reasons to demonstrate cause for the delay. *See generally Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation, and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition). We also note that appellant was determined to be competent prior to entry of his guilty plea.

Finally, appellant claimed it would be a fundamental miscarriage of justice to impose the procedural bars on his petition. In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Appellant did not demonstrate actual innocence as his claims involved legal innocence, and therefore, he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).

Therefore, the district court did not err in dismissing the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Kimberly A. Wanker, District Judge
       John Koval
       Nye County District Attorney
       Attorney General/Carson City
       Fifth District Court Clerk