An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILLIP MINOR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64085

FILED

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on May 22, 2013, more than 27 years after entry of the judgment of conviction on February 25, 1986.[2] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[3]

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]No direct appeal was taken. An amended judgment of conviction to correct a clerical error was entered on May 6, 1986. In addition, we note that the petition was untimely from the January 1, 1993, effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, § 33, at 92; *Pellegrini v. State*, 117 Nev. 860, 874-75, 34 P.3d 519, 529 (2001).

[3]*Minor v. State*, Docket No. 55481 (Order of Affirmance, November 8, 2010).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11393

*See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed that he had good cause because he was young when he committed the crime and did not have knowledge of the law. These were insufficient to demonstrate good cause. *See generally Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation, and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

Second, appellant claimed that the procedural bars did not apply because he was actually innocent. Appellant asserted that he was actually innocent because of ineffective assistance of counsel, an insufficient plea canvass, and because he was waiting in the vehicle when the victim was shot and killed. As appellant pleaded guilty, he must demonstrate not only that he is factually innocent of the charge to which he pleaded guilty but that he is factually innocent of any more serious charges forgone in the plea bargaining process. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Appellant did not address actual innocence regarding the multiple felony charges relinquished by the State during negotiations. In addition, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence. *Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Appellant's claims involved legal innocence and he did not

demonstrate that his claim was based upon new evidence, and therefore, he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).

Finally, appellant failed to overcome the presumption of prejudice to the State. Therefore, the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:   Hon. Elissa F. Cadish, District Judge
      Phillip Minor
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk