An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65158

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on January 14, 2014, almost seven years after the issuance of the remittitur from appellant's direct appeal filed pursuant to *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994), on June 27, 2007.[2] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1); *Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus, and it

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Garcia v. State*, Docket No. 47059 (Order Affirming in Part and Reversing in Part and Remanding, May 31, 2007). Following that decision, the district court entered an amended judgment of conviction on December 3, 2007. Appellant did not file a direct appeal challenging the amended judgment of conviction.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23914

constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Appellant first claimed he had good cause due to his reliance upon incompetent inmate law clerks. This claim did not provide good cause to overcome the procedural bars as it failed to demonstrate that there was an impediment external to the defense that prevented appellant from raising his claims in a timely petition. *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation, and reliance on the assistance of an inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive post-conviction petition).

Second, appellant claimed he had good cause because his trial counsel told him that he did not have a right to appeal his conviction because he was a not a U.S. citizen. This failed to demonstrate good cause to overcome the procedural bars because appellant has already pursued a direct appeal through the *Lozada* remedy. *Garcia v. State*, Docket No. 47059 (Order Affirming in Part and Reversing in Part and Remanding, May 31, 2007). To the extent appellant asserts he had good cause because he did not pursue a direct appeal following the entry of the amended judgment of conviction in 2007, appellant did not explain the almost six-

---

[3]*Garcia v. State*, Docket No. 62119 (Order of Affirmance, July 23, 2013); *Garcia v. State*, Docket No. 56137 (Order of Affirmance, March 29, 2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

year delay in challenging any changes made in the amended judgment of conviction or explain why he could not raise the instant claims in his previous two petitions. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Therefore, appellant failed to demonstrate good cause to overcome the procedural bars.

Next, appellant claimed that the Nevada Department of Corrections improperly calculated his sentence due to confusion regarding counts dismissed in the amended judgment of conviction. This claim challenged the computation of time served and cannot be raised in a post-conviction petition for a writ of habeas corpus challenging the validity of the judgment of conviction. *See* NRS 34.738(3). However, the denial of this claim would be without prejudice, allowing appellant to properly and separately file a post-conviction petition for a writ of habeas corpus challenging the computation of time served in the county in which he is incarcerated. *See* NRS 34.724(1); NRS 34.730(3); NRS 34.738(1). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc: Hon. Michelle Leavitt, District Judge
Juan Garcia
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVAOA

(O) 1947A