An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANDREW JEFFERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65070

**FILED**

JUL 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant filed his petition on November 19, 2013, more than a year after entry of the judgment of conviction on November 1, 2012. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of cause for the delay and prejudice. *See id.*

In an attempt to demonstrate cause for the delay, appellant argued that he did not have the assistance of counsel, that he was denied access to the law library for three weeks, and that the prison's system for

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

To the extent that appellant appeals from the denial of his motion for appointment of counsel, the district court did not abuse its discretion in denying the motion. *See* NRS 34.750(1).

14-23932

placing him on the law library list was inadequate. Appellant failed to demonstrate an impediment external to the defense to excuse his procedural defect. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). His lack of legal assistance did not constitute good cause to excuse the delay. *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988). He also did not demonstrate that a three-week deprivation of access to a law library prevented him from filing a timely petition when he had an entire year to file it, nor did he provide specific facts to demonstrate that the prison's law library system interfered with his ability to file a timely petition. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

Appellant also asserted that the procedural bar did not apply to him because he was challenging the jurisdiction of the district court to impose a habitual criminal enhancement and jurisdictional claims may be raised at any time. Appellant's assertion was without merit, as appellant's claims challenged the validity of the judgment of conviction and sentence and did not implicate jurisdiction. *See* NRS 34.720(1); NRS 34.724(1); *see also* Nev. Const. art. 6, § 6; NRS 171.010. Therefore, we conclude that the district court did not err in denying his post-conviction petition for a writ of habeas corpus as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Parraguirre

_____, J.
Saitta

cc: Hon. Douglas W. Herndon, District Judge
Andrew Jefferson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk