An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PERCY LAVAE BACON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63217

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant filed his petition on November 9, 2012, more than five years after issuance of the remittitur on direct appeal on May 3, 2007. *Bacon v. State*, Docket No. 46576 (Order of Affirmance, April 6, 2007). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated several post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petitions.[2] *See* NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Bacon v. State*, Docket No. 50612 (Order of Affirmance, May 15, 2008); *Bacon v. State*, Docket Nos. 53804, 53915 (Order of Affirmance, October 21, 2009); *Bacon v. State*, Docket No. 55097 (Order of Affirmance, July 22, 2010).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30677

34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed no procedural bars applied because the district court lacked jurisdiction due to various errors in the pretrial and trial proceedings. Appellant's claims did not implicate the jurisdiction of the courts. Nev. Const. art. 6, § 6; NRS 171.010. Thus, the procedural bars did apply to this petition.

Next, appellant claimed that this petition should relate back to the first petition. Appellant's first petition was denied and this court affirmed that denial. *See Bacon v. State*, Docket No. 50612 (Order of Affirmance, May 15, 2008). Thus, this petition cannot be considered a supplement to the first petition.

Next, relying on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that he had good cause because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel would have been discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), but appellant did not request the appointment of counsel. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction petition and procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition.

Next, appellant claimed that he had good cause because he lacked legal knowledge, had a limited education and suffered from chronic medical issues. Appellant's lack of knowledge about the law, limited education, and medical issues did not constitute good cause. *Phelps v. Dir., Nev. Dep't. Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988).

Finally, appellant argued that he could overcome application of the procedural bars because he was actually innocent. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Appellant failed to overcome the presumption of prejudice to the State. We therefore conclude that the district court did not err in denying appellant's petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Jennifer P. Togliatti, District Judge
Percy Lavae Bacon
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

4