An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES B. HARRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64736

FILED

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE AND DISMISSING APPEAL IN PART*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on February 29, 2012, and amended the petition on May 30, 2012, within the one-year period to file a post-conviction petition for a writ of habeas corpus. However, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ to the extent that he raised claims new and different from those

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

To the extent that appellant appealed from the denial of a motion for default judgment, motion to reconsider denial of motion to withdraw a guilty plea, and motion to take judicial notice, these decisions are not appealable. *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30829

raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.810(3).

Appellant claimed that he had good cause to excuse his procedural defects because he lacked legal knowledge and his case was difficult and complex. Appellant's lack of knowledge about the law and the alleged complexities of the case did not constitute good cause. *Phelps v. Dir., Nev. Dep't. of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988).

Next, appellant claimed that the State withheld and concealed the fact that there was no complaining witness in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Appellant asserted that he only learned of this fact when he received his file from counsel. Appellant failed to demonstrate good cause and actual prejudice because he failed to demonstrate exculpatory evidence was withheld from the defense and that the evidence was material. *See State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) (recognizing that a *Brady* claim raised in an untimely petition requires the petitioner to demonstrate that the State withheld evidence (to demonstrate cause) and to establish that the evidence was material (to demonstrate prejudice)).

Next, appellant argued that the procedural bar did not apply because the court lacked jurisdiction as there was no complaining witness. Appellant's claims were not supported by the record, *see Hargrove v. State*,

---

[2]*Harris v. State*, Docket No. 60289 (Order of Affirmance, November 15, 2012).

100 Nev. 498, 686 P.2d 222 (1984), and did not implicate the jurisdiction of the courts, *see* Nev. Const. art. 6, § 6; NRS 171.010.

Finally, appellant claimed that he could overcome application of the procedural bar because he was actually innocent. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore conclude that the petition was procedurally barred pursuant to NRS 34.810. Accordingly, we

ORDER the judgment of the district court AFFIRMED and DISMISS the appeal in part.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:　Hon. Valorie J. Vega, District Judge
　　 Charles B. Harris
　　 Attorney General/Carson City
　　 Clark County District Attorney
　　 Eighth District Court Clerk

