## IN THE SUPREME COURT OF THE STATE OF NEVADA

VORNELIUS JAMAL PHILLIPS,
Appellant,

vs.

THE STATE OF NEVADA,
Respondent.

No. 68281

**FILED**

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition[1] on February 5, 2014, more than 9 years after his judgment of conviction was entered on April 27, 2004. Thus, appellant's petition was untimely filed. *See* NRS 34.726. The petition was also successive because appellant had previously sought postconviction relief.[2] *See* NRS 34.810(2). Accordingly, the petition was

---

[1]Appellant originally filed a "motion for sentence modification and/or motion to withdraw plea (based on a manifest injustice)." This court directed the district court to construe the motion as a postconviction petition for a writ of habeas corpus. *See Phillips v. State*, Docket No. 65584 (Order Affirming in Part, Reversing in Part, and Remanding, November 13, 2014).

[2]*Phillips v. State*, Docket No. 52692 (Order of Affirmance and Limited Remand to Correct the Judgment of Conviction, March 10, 2010).

16-11893

procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, because the State pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800.

As good cause, appellant contends that he was incompetent when he pleaded guilty due to his intellectual disability (mental retardation) and mental illness, and counsel was ineffective for allowing him to plead guilty. Appellant fails to demonstrate good cause and prejudice. *See Phelps v. Director, Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental retardation and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a successive postconviction petition).[3] Appellant also asserts that failure to review the claims would result in a fundamental miscarriage of justice. *See Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996) (explaining that a court can consider procedurally defaulted claims when failing to do so would result in a fundamental miscarriage of justice). Specifically, appellant argues that he killed the victim by strangling her and therefore did not commit first-degree murder with the use of a deadly weapon. This claim lacks merit because appellant failed to offer new evidence of actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Finally,

---

[3]We note that this claim is substantially similar to that raised in the prior petition.

appellant failed to overcome the presumption of prejudice to the State.[4] Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:   Hon. Elissa F. Cadish, District Judge
      Vornelius Jamal Phillips
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[4]We conclude that the district court did not err by denying appellant's request for counsel. *See* NRS 34.750(1).