# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROGER DON JONES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68562

**FILED**

JUN 17 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Roger Don Jones filed his petition on April 21, 2015, more than three years after issuance of the remittitur on direct appeal on October 11, 2011.  *See Jones v. State*, Docket No. 55707 (Order of Affirmance, September 14, 2011).  Thus, Jones's petition was untimely filed.  *See* NRS 34.726(1).  Jones's petition was procedurally barred absent a demonstration of good cause and actual prejudice.  *Id.*  A petitioner establishes good cause by showing that an impediment external to the defense prevented him from complying with procedural default rules. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).  Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3) (amended effective October 1, 2015), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

16-19068

First, Jones argued that he had good cause because he suffers from mental illness, lacks legal training, and has had to rely upon prison law clerks. As Jones has not demonstrated an impediment external to the defense that prevented him from complying with the procedural bars, we conclude that this argument lacks merit. *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that a petitioner's mental handicap and poor legal assistance from inmate law clerks did not establish good cause).

Second, Jones argued that the district court's failure to appoint postconviction counsel constituted good cause. NRS 34.750 allows the district court discretion to appoint postconviction counsel after a petition has been filed. As such, the lack of postconviction counsel before the petition was filed cannot provide good cause for the delay in filing the petition. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 870 (2014) (concluding that claims of ineffective assistance of postconviction counsel in noncapital cases do not constitute good cause for a successive petition because there is no entitlement to appointed counsel).

Third, Jones argued that the ineffective assistance of his trial and appellate counsel provided good cause. A procedurally barred claim of ineffective assistance of trial and appellate counsel cannot constitute good cause. *Hathaway*, 119 Nev. at 252, 71 P.3d at 506. As Jones's claims of ineffective assistance of counsel were reasonably available to be raised in a timely petition and Jones thus failed to demonstrate an impediment external to the defense preventing him from complying with the procedural time bar, we conclude that this claim lacks merit. *See id.* at 252-53, 71 P.3d at 506.

Fourth, Jones argued that failure to consider his claims on the merits would result in a fundamental miscarriage of justice. To demonstrate a fundamental miscarriage of justice, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Jones did not attempt to demonstrate his actual innocence and has failed to meet his burden. Therefore, we conclude the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:  Hon. Eric Johnson, District Judge
Roger Don Jones
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[2]We note that the district court denied the petition in part based upon laches pursuant to NRS 34.800(2). Laches does not apply because the petition was filed within five years after issuance of the remittitur on direct appeal. *See id.*; *Little v. Warden*, 117 Nev. 845, 853, 34 P.3d 540, 545 (2001) (measuring the period as "five years after the remittitur disposing of the direct appeal or the judgment of conviction where no direct appeal was filed"). Nevertheless, the district court correctly concluded the petition was procedurally barred pursuant to NRS 34.726(1), and we therefore affirm. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).