# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERTO J. RAMIREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75615

FILED

MAR 1 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.[1]

Appellant Roberto Ramirez filed his petition on November 22, 2017, more than one year after entry of his judgment of conviction.[2] The petition was therefore untimely filed. *See* NRS 34.726(1). Accordingly, the petition was subject to dismissal absent a demonstration of good cause and prejudice. *See id.*

Ramirez asserted that he could not file a timely petition because trained law clerks were not available to assist him, nor was he trained how to use the law library computers. These excuses were insufficient to demonstrate good cause for the delay. *See Lewis v. Casey*, 518 U.S. 343, 351

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]Ramirez did not file a direct appeal.

19-11455

(1996) ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."); *Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for filing a successive postconviction petition).

Ramirez further failed to demonstrate prejudice. He claimed that the State did not ensure that he was competent before the court accepted his guilty plea, overcharged him to coerce his plea, and withheld evidence about his sentence. He also claimed it was improper for him to plead guilty as he did not have the requisite intent due to mental illness and drug use. These claims are not supported by the record. At the plea canvass, Ramirez responded appropriately and coherently to the district court's questions. It is not apparent that he was impaired or that he did not understand the district court's questions. Nothing in the record indicates that Ramirez was not competent to enter a guilty plea. *See Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113 (1983) (recognizing that defendant is competent to enter guilty plea he is able to consult with an attorney and has a rational and factual understanding of the proceedings against him). He also denied that anyone coerced him into pleading guilty. He was informed of the potential penalties he faced, and that notice was not rendered invalid by evidence from another proceeding about a prisoner's life expectancy. Lastly, Ramirez's claim of innocence does not undermine his *Alford* plea, as he did not admit guilt but accepted the benefit of the plea bargain. *See Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 226 (1984) (recognizing that a claim of innocence from an *Alford* plea is "essentially academic").

 

Having considered Ramirez's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Kathleen E. Delaney, District Judge
Roberto J. Ramirez
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk