IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE A. GALLIMORT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80191

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge. Appellant Jose A. Gallimort argues that the district court erred in denying his petition as procedurally barred. We affirm.

Gallimort's postconviction habeas petition was untimely because it was filed 18 years after remittitur issued on direct appeal. *See* NRS 34.726(1); *Gallimort v. State*, 116 Nev. 315, 997 P.2d 796 (2000). Gallimort's petition was also successive because he had previously filed several postconviction habeas petitions. *See* NRS 34.810(2); *Gallimort v. State*, Docket No. 72826-COA (Order of Affirmance, October 12, 2017); *Gallimort v. State*, Docket No. 61815 (Order of Affirmance, June 12, 2013); *Gallimort v. State*, Docket No. 49438 (Order of Affirmance, October 11, 2007); *Gallimort v. State*, Docket Nos. 33289, 36826 (Order of Affirmance, August 7, 2001). Thus, Gallimort's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause requires Gallimort show that the basis for a claim was not reasonably available when he filed his first, timely petition and that he filed the instant petition within a reasonable time of discovering the factual or legal basis for the claim. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Further, as the State specifically

20-41507

pleaded laches, Gallimort had to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Gallimort argues that he has good cause to excuse the procedural bars because the district court failed to appoint counsel to assist with his first postconviction petition. The appointment of counsel in postconviction proceedings is discretionary in a noncapital case, *see* NRS 34.750(1), and the failure to appoint postconviction counsel in the first postconviction proceeding does not provide good cause. *See Brown v. McDaniel*, 130 Nev. 565, 571, 331 P.3d 867, 871-72 (2014). Further, Gallimort's lack of legal knowledge and education do not provide good cause to excuse the procedural bars. *See Phelps v. Dir., Nev. Dep't. of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that a petitioner's mental handicap and poor legal assistance from inmate law clerks did not establish good cause), *superseded by statute on other grounds as stated in State v. Haberstroh*, 119 Nev. 173, 180-81, 69 P.3d 676, 681 (2003). Therefore, we conclude that Gallimort has not shown good cause to excuse the procedural bars.

Gallimort next argues that he is actually innocent. Actual innocence requires Gallimort show that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . the new evidence," *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1097-98 n.12 (2018), and that he is factually innocent, *see Bousley v. United States*, 523 U.S. 614, 623 (1998). To the extent that Gallimort disputes the sufficiency of the evidence presented at trial, he does not show actual innocence. *Cf. id.* ("[A]ctual innocence means factual innocence, not mere legal insufficiency." (internal quotation marks omitted)); *Brown*, 130 Nev.

at 576, 331 P.3d at 875 (distinguishing actual innocence and insufficient evidence claims). Moreover, because Gallimort previously raised the same alibi claim that the Almeida affidavit purportedly supports in the context of ineffective-assistance-of-counsel claims that this court has rejected, the doctrine of the law of the case prevents further litigation of this claim, and Gallimort has not demonstrated that the doctrine should not apply. *See Hsu v. Cty. of Clark*, 123 Nev. 625, 630-31, 173 P.3d 724, 729 (2007) (recognizing circumstances where the doctrine of the law of the case may not apply); *Hall v. State*, 91 Nev. 314, 535 P.2d 797 (1975) (setting forth the doctrine of the law of the case). Finally, Gallimort has failed to demonstrate a fundamental miscarriage of justice to overcome the presumption of prejudice to the State based on laches. *See Little v. Warden*, 117 Nev. 845, 853, 34 P.3d 540, 545 (2001). The district court therefore did not err in denying Gallimort's actual innocence claim, and we conclude that the district court correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

Having considered Gallimort's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Eric Johnson, District Judge
    Gregory & Waldo, LLC
    Attorney General/Carson City
    Clark County District Attorney
    Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A