IN THE SUPREME COURT OF THE STATE OF NEVADA

ARTHUR BELARMINO LOPEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80570

FILED

JUL 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant's petition was untimely as he filed it two years after entry of the judgment of conviction. *See* NRS 34.726(1) (requiring a petition to be filed "within 1 year after entry of the judgment of conviction" or an appellate court's remittitur if the defendant appeals from the judgment of conviction). Appellant's petition was procedurally barred absent a demonstration of cause for the delay and prejudice, *see id.*, or a showing that the procedural bars should be excused to prevent a fundamental

---

[1]Having considered appellant's pro se brief, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

21-19792

miscarriage of justice, *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1094, 1097 n.12 (2018).

In an attempt to demonstrate good cause for the delay, appellant asserted that he could not file a timely petition because he did not have postconviction counsel, did not understand the legal system, and did not have adequate access to a law library. He asserts as cause and prejudice that his counsel was ineffective during the proceedings resulting in his guilty plea and at sentencing. Based upon our review of the record on appeal, we conclude appellant's allegations of good cause lack merit. As appellant was not entitled to appointed postconviction counsel, the lack of such counsel was not good cause. *Brown v. McDaniel*, 130 Nev. 565, 569, 331 P.3d 867, 870 (2014).[2] His assertions that he only had limited assistance from inmate law clerks and access to the prison law library do not provide good cause. *See Phelps v. Dir., Nev. Dep't. of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for filing a successive postconviction petition), *superceded by statute on other grounds as stated in State v. Haberstroh*, 119 Nev. 173, 180-81, 69 P.3d 676, 681 (2008); *see also Lewis v. Casey*, 518 U.S. 343, 355-56 (1996)

---

[2]To the extent that appellant argues that his time for filing should be equitably tolled because he did not have postconviction counsel, the procedural bars are mandatory, *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005), and we have rejected equitable tolling, *Brown*, 130 Nev. at 576, 331 P.3d at 874.

SUPREME COURT OF NEVADA

(O) 1947A

("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."). And finally, the alleged ineffective assistance of trial counsel is not good cause because that claim is itself procedurally barred. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (stating that an ineffective-assistance claim may excuse a procedural default only if that claim is not itself procedurally defaulted).

Appellant also asserted that, as his claims of trial error and ineffective assistance of counsel were substantial, the failure to consider his petition would result in a fundamental miscarriage of justice. Appellant failed to demonstrate any fundamental miscarriage of justice to overcome these procedural bars. *See Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996) (stating that review of procedurally barred claims for relief would be required if the petitioner showed "that failure to consider them would result in a fundamental miscarriage of justice"). Beyond this assertion, appellant made no further argument below, nor did he point to any newly discovered evidence to support his claim. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (requiring petition to allege "new reliable evidence . . . that was not presented at trial" to support allegation of fundamental miscarriage of justice); *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (requiring petitioner to support claims with specific facts that are not belied by the record). To the extent appellant makes new allegations in his appellate brief related to his claim of actual innocence, we decline to consider them. *See McNelton v. State*, 115 Nev. 396, 416, 990 P.2d 1263, 1276 (1999) (declining to consider on appeal claims and arguments not raised in the district court).

For the reasons stated above, we conclude that the district court did not err in denying appellant's petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, Sr.J.
Gibbons

cc:    Chief Judge, Eighth Judicial District Court
Department 3, Eighth Judicial District Court
Arthur Belarmino Lopez
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.