# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARY PITRELLO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83289

**FILED**

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Mary Pitrello's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant did not pursue a direct appeal and filed her postconviction petition for a writ of habeas corpus over one year after the entry of her judgment of conviction. Thus, her petition was untimely filed. *See* NRS 34.726(1). Consequently, the petition was procedurally barred absent a demonstration of cause for the delay and undue prejudice or that the failure to consider her claims would result in a fundamental miscarriage of justice. *See id.*; *Berry v. State*, 131 Nev. 957, 966, 363 P.3d 1148, 1154 (2015). Appellant argues that the district court erred in denying her petition as procedurally barred without conducting an evidentiary hearing.

First, appellant argues she demonstrated good cause because she was in segregated custody for 10 months, could not contact prior counsel, lacked adequate resources in prison to file a petition, was not familiar with the legal process, and did not obtain counsel in time to file a

22-13639

timely petition. She also contends that she was entitled to the equitable tolling of the statutory period. We conclude that these arguments lack merit. Appellant did not state when she was in segregated housing or explain how 10 months in segregated housing prevented her from filing a postconviction petition until over four years after her judgment of conviction was filed.[1] As she failed to support this good-cause claim with factual allegations sufficient to explain the entire delay, she did not allege sufficient facts to warrant relief. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Appellant's inability to contact trial counsel, lack of legal training, and reliance on prison legal facilities do not constitute good cause because they were not impediments external to the defense. *See id.* at 252, 71 P.3d at 506; *see also Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988) (holding that petitioner's claim of organic brain damage, borderline mental disability, and reliance on assistance of inmate law clerk unschooled in the law did not constitute good cause for the filing of a procedurally barred postconviction petition), *superseded by statute on other grounds as stated in State v. Haberstroh*, 119 Nev. 173, 69 P.3d 676 (2003). As appellant did not have the right to postconviction counsel, the lack of counsel cannot be good cause. *See Rippo v. State*, 134 Nev. 411, 418 n.9, 423 P.3d 1084, 1094 n.9 (2018). Lastly, this court has

---

[1]On November 22, 2017, appellant filed a motion to withdraw counsel and accompanying affidavit in which she alleged deficiencies in counsel's performance as it related to her guilty plea and sentencing and sought the appointment of new counsel. The district court did not construe this motion as a postconviction petition. Had it done so, the motion was nevertheless untimely as it was filed roughly 19 months after the entry of the judgment of conviction.

rejected calls for the equitable tolling of the filing period set forth in NRS 34.726. *Brown v. McDaniel*, 130 Nev. 565, 576, 331 P.3d 867, 875 (2014).

Next, appellant argues that the failure to consider her petition on the merits will result in a fundamental miscarriage of justice. In particular, she alleges that she is actually innocent of first-degree murder because she acted in self-defense or was intoxicated or was otherwise mentally incapable of the intent required for first-degree murder. A colorable showing of actual innocence may overcome procedural bars under the fundamental miscarriage of justice standard. *Berry*, 131 Nev. at 966, 363 P.3d at 1154. But under this standard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006); *see also Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1015-16 (11th Cir. 2012) (explaining that the actual innocence exception contemplates the "extremely rare" cases where the State convicted an innocent defendant, not "run of the mill" cases where the petitioner argues that he or she is guilty of a lesser offense than that for which he was convicted). Appellant's claims asserted legal innocence or challenged the sufficiency of the evidence against her, not her factual innocence, and she failed to allege sufficient facts to demonstrate that "it is more likely than not that no reasonable juror would have convicted" her in light of all the evidence. *Bousley*, 523 U.S. at 623 (internal quotation marks omitted); *see Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (recognizing that the miscarriage of justice exception applies to actual innocence as opposed to legal innocence). Therefore, we conclude that the district court did not err

by denying the petition as procedurally barred without conducting an evidentiary hearing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Parraguirre

_____, J.          _____ Sr.J.
Cadish                                 Gibbons

cc:    Hon. Michelle Leavitt, District Judge
       Terrence M. Jackson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.